UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OPIO BOAT MOON, LLC, and<br><br>DAVID S. GRONIK, JR.,<br><br>v.<br><br>CHUBB INDEMNITY INSURANCE COMPANY<br><br>*[In Re: Subpoena Issued to William L. Hall]* | Action No. _____<br><br>For a subpoena issued in an action pending in the Eastern District of Wisconsin, Case No. Case No. 11-cv-697 (consolidated with 10-cv-954) |

**EXPEDITED CONSIDERATION REQUESTED**

**CHUBB INDEMNITY INSURANCE COMPANY'S
MOTION TO QUASH SUBPOENA OR FOR A PROTECTIVE ORDER OR,
IN THE ALTERNATIVE, TO TRANSFER**

NOW COMES Chubb Indemnity Insurance Company ("Chubb"), by and through its attorneys, Tressler LLP, and submits this Motion to Quash Subpoena or for a Protective Order or, In the Alternative, To Transfer.

1.  On August 7, 2014, the Groniks served a subpoena upon William L. ("Bill") Hall commanding him to appear for deposition on August 14, 2014 (the "Subpoena").

2.  Pursuant to Fed. R. Civ. P. 45(d)(3)(A), the Western District of Michigan is the Court for the district where compliance would be required, as the Subpoena commands Mr. Hall to appear at Bienenstock Court Reporting & Video, 99 Monroe Ave. N.W., Suite 975, Grand Rapids, Michigan 49503.

1

3.	This property insurance coverage action is currently pending before the Honorable Lynn S. Adelman in the Eastern District of Wisconsin, as Case Number 11-cv-697 (previously consolidated with 10-cv-954).

4.	The Subpoena should be quashed, as the Subpoena seeks to depose an appraiser who was involved in an already-completed and confirmed appraisal, in direct contravention of Wisconsin law and the prior rulings issued by Judge Adelman in this action.  Further, the only relevant information the deposition of Mr. Hall could provide was already obtained in a separate deposition.  Thus, the discovery requested exceeds the permissible scope of discovery set forth in Fed. R. Civ. P. 26.

5.	Pursuant to Local Rule 7.1, counsel for Chubb has discussed this dispute and this Motion with counsel for Opio Boat Moon, LLC and David S. Gronik (the "Groniks") and has been unsuccessful in reaching an agreement regarding the Subpoena and deposition of Mr. Hall.

6.	It is Chubb's understanding that this Motion will be opposed.

7.	Concurrent with this Motion, Chubb has moved the Eastern District of Wisconsin, where this action is pending, to strike the Subpoena and bar Mr. Hall's deposition.  *See David S. Gronik, et al. v. Norman Balthasar, et al.*, Case No. 10-cv-954 (consolidated with Case No. 11-cv-697) (E.D. Wis.).  In light of that motion, the lengthy pendency of this dispute, and the extensive and complex issues underlying this action, Chubb requests, in the alternative, that this Court transfer this dispute to the Eastern District of Wisconsin for resolution.  Judge Adelman is already very familiar with this case and the nature of this discovery dispute, so he should be the one to resolve it.

8. Chubb submits the attached Brief in support of its Motion, fully setting forth the reasons why the Subpoena should be quashed, a protective order should issue, and/or the dispute should be transferred.

WHEREFORE Chubb respectfully requests that this Court quash the subpoena issued to William L. Hall, issue a protective order barring the deposition of William L. Hall, or, in the alternative, transfer this dispute for resolution by the Eastern District of Wisconsin where this action is currently pending, and grant such other and further relief as the Court deems just and appropriate under the circumstances.

Dated August 13, 2014

CHUBB INDEMNITY INSURANCE COMPANY

/s/ Thomas K. Hanekamp
        By Its Attorney

Thomas K. Hanekamp
Todd S. Schenk
Ann E. O'Connor
Tressler LLP
233 South Wacker, 22nd Floor
Chicago, Illinois  60606
(312) 627-4000

615970