UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHUBB INSURANCE COMPANY, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:14-mc-76 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| OPIO BOAT MOON, LLC and | ) | |
| DAVID S. GRONIK, JR., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DISMISSING CHUBB INSURANCE COMPANY'S MOTION REGARDING AN EASTERN DISTRICT OF WISCONSIN SUBPOENA DIRECTING A NON-PARTY AND MICHIGAN RESIDENT WILLIAM L. HALL TO APPEAR FOR A DEPOSITION IN GRAND RAPIDS, MICHIGAN ON AUGUST 14, 2014**

David S. Gronik, Jr., Mary K. Gronik, and others are involved in "highly contentious and prolonged" civil litigation pending before United States District Judge Lynn Adelman in the Eastern District of Wisconsin: *David S. Gronik, Jr., et al. v. Susan Balthasar et al.*, No. 10-cv-954 (E.D. Wisc.) and *Opio Boat Moon, LLC et al. v. Chubb Indemnity Ins. Co.*, No. 11-cv-697 (E.D. Wisc.). (docket # 6-2, ID# 62). On August 6, 2014, the Groniks' attorney, James J. Irvine completed an Eastern District of Wisconsin subpoena which directed a Michigan resident, William L. Hall, to appear at an address in Grand Rapids, Michigan, for a deposition at 10:00 a.m. on August 14, 2014. (docket # 7-8, ID#s 116-18).

On August 13, 2014, Chubb Insurance Company (Chubb) filed a motion and petition (docket # 1) asking this court to quash or grant other relief with regard to the Eastern District of

Wisconsin's subpoena that the Groniks apparently served on Mr. Hall.[1] On August 27, 2014, weeks after the date specified for Hall's deposition under the subpoena, the Groniks filed their belated response to Chubb's motion. (docket #s 6, 7, 9). Under revised Rule 45(d)(3), this court is authorized to grant relief with regard to the Wisconsin subpoena because the Western District of Michigan is where Mr. Hall's compliance would be required.

Chubb's motion and petition will be dismissed because it lacks standing to seek relief in this court with regard to a subpoena against Mr. Hall. Ordinarily, a party has no standing to seek to quash a subpoena to someone who is not a party to the action. *See Mann v. University of Cincinnati*, Nos. 95-3195, 95-3292, 1997 WL 280188, at * 4 (6th Cir. May 27, 1997) (citing 9A CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (1995)); *see also Kauffman v. Median County Clerk of Courts*, No. 1:13-cv-1261, 2014 WL 1051026, at * 9 (N.D. Ohio Mar. 14, 2014) (collecting cases). The rule is not without exception, and a party may have standing where it demonstrates some personal right or privilege with regard to the discovery sought by subpoena. *See Mann*, 1997 WL 280188, at * 4; *Thorn v. Novartis Pharm. Corp.*, No. 3:11-cv-373, 2013 WL 6499473, at * 2 (E.D. Tenn. Dec. 11, 2013); *Olivia Marie, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 11-12394, 2011 WL 6739400, at * 2 (E.D. Mich. Dec. 22, 2011); *accord DeMarco v. Chomas*, No. 08-cv-143, 2008 WL 4693541, at * 3 (E.D. Wisc. Oct. 23, 2008). The exception is narrow and the party seeking to quash the subpoena bears a heavy burden

---

[1] Mr. Hall has never appeared in this matter. Chubb's attorney filed an affidavit stating that Hall informed her that he was served with the subpoena on August 7, 2014. (O'Connor Aff. ¶ 4, docket # 3, ID# 15). The Groniks provide no details regarding how service of process may have been achieved. (docket # 7-8, ID# 117). The Groniks assert in their brief that Mr. Hall "agreed to appear" for his deposition, but there is no evidence supporting that assertion. (*see* Brief at 5, docket # 6, ID# 43 and Halloin Aff. ¶¶ 1-10, docket # 9, ID#s 120-21).

of proof. *See Lyons v. Leach*, No. 12-cv-15408, 2014 WL 823411, at * 1 (E.D. Mich. Mar. 3, 2014); *Riding Films, Inc v. John Does 129-193*, 2013 WL 3322221, at * 4 (S.D. Ohio July 1, 2013). Although Chubb argues that the discovery sought is "irrelevant" under Wisconsin law, exceeds the scope of permissible discovery, is cumulative, and is "contrary to Judge Adelman's rulings in the present case" (*see* Chubb's Brief at 8-11, docket # 2, ID#s 11-14), it has ignored the foundational issue of standing and has not carried its burden of showing a personal right or privilege in Mr. Hall's deposition testimony.

This does not mean that the subpoena will be enforced. The date specified in the subpoena for Mr. Hall's deposition has passed. Further, the Groniks offer no justification for attempting to subpoena this Michigan non-party for his deposition in half the time generally considered to be a reasonable notice for compliance. *See Green v. MOBIS Alabama*, LLC, No. 2:12-cv-277, 2014 WL 2041857, at * 2 (M.D. Ala. May 16, 2014) ("Reasonable time has been held to be fourteen days."); *In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. 13-2419, 2013 WL 6058483, at * 7 (D. Mass. Nov. 13, 2013) (same).

Disorderly practice will not be tolerated. If the Groniks are serious about taking Mr. Hall's deposition they must be prepared to show that taking his deposition at this juncture does not violate or constitute an attempt to bypass Judge Adelman's discovery and case management orders. Further, they must serve the subpoena on Mr. Hall at least fourteen days before his deposition and provide proof of such service. All parties and their attorneys are expressly warned that this court will impose sanctions against a party or attorney responsible for issuing and serving a subpoena if they fail to take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. *See* FED. R. CIV. P. 45(d)(1). Accordingly,

IT IS ORDERED that Grubb's motion and petition (docket # 1) is hereby DISMISSED because Chubb lacks standing with regard to the subpoena against Mr. Hall.

DONE AND ORDERED this 11th day of September, 2014.

/s/  Phillip J. Green
United States Magistrate Judge